Boynton, J.
The action below was brought in the court of common pleas, upon a policy of insurance against fire, issued by the plaintiff upon the dwelling-house of Francis Ashton. It appears, from the petition, that the insurance-was effected on the 22d day of November, 1871, in the sum of $1,200, for the period of five years; that on the 21st- *478 day of March, 1872, said Francis Ashton, with, the assent of the company, sold and conveyed the premises on which the dwelling-house stood to the defendant in error, and with like assent of the company, assigned to him the policy of insurance; that on the 16th day of October, 1876, said dwelling-house was consumed by fire, and notice of such fact, with a particular account of the loss, was at once given to the company. The policy contains the stipulation, that “ if the property be sold or transferred, or any change takes place in title, either by legal process or otherwise, or this policy be assigned before a loss, without the assent of this company, . . . then, and in every such case, this policy shall be void.” By the second defense of the answer of the company it was alleged, that on the day that the premises, on which the dwelling-house was situated, were conveyed by Francis Ashton to the plaintiff below, the said plaintiff and his wife conveyed the same back to Francis Ashton, by their mortgage deed, to secure the payment of the entire purchase money agreed upon as the sole consideration of the purchase—the sum being $8,250; that, by the terms of the agreement, one half of the purchase price of the premises was to be paid in three years from the date of the purchase, and the remaining half in four years, with interest to be paid annually; and that at the time the dwelling-house was destroyed by fire no part of said principal or interest had been paid. It was further alleged, that the company had no knowledge of the giving or existence of said mortgage until after the dwelling was consumed by fire; and that, had it known, at the time its consent to the conveyance of the property, and the assignment of the policy, was applied for, that said mortgage had been, or-was intended to be, given, such consent would have been withheld.' A demurrer to this defense for insufficiency of facts to constitute a defense was sustained, and on the trial judgment was given against the company, which, on error, was affirmed by the district court.
The ruling of the court, sustaining said demurrer, is here assigned for error. We think the ruling was correct.
*479 The ground on which it is contended that the court erred in sustaining the demurrer is, that upon the assignment of the policy of insurance to the defendant in error he became bound by its terms and conditions, and that the mortgage deed, given by him to Francis Ashton when the premises were purchased, was an alienation of the property insured, or a change in its title, to which the compauy did not assent, and, hence, that such alienation or change of title avoided the policy.
We do not find it necessary to consider the question, whether a mortgage of the insured property, without the assent of the company, is, or is not such a change of title as avoids the policy under a stipulation of the kind abovo recited.
The assent of the company was expressly given to the sale and conveyance by Francis Ashton to the defendant in error, and the mortgage back was a part of the same transaction, and one of its constituent elements.
The assent given was in nowise qualified, or conditioned on a sale for ready money. Nor is it claimed to have been fraudulently induced or procured. We, therefore, must hold it to have been an assent to the sale and conveyance as actually made between the parties, and consequently an assent to whatever change in the title the execution and delivery of "the mortgage effected.

Motion overruled.